## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Case No. 1:22-cr-00146-JKB** |
| | * | |
| **RON K. ELFENBEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ****** | |

## CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America moves this Court to exclude time under the Speedy Trial Act for the period of April 29, 2022 through June 28, 2022. In support of the Motion, the United States states the following:

1. On April 19, 2022, a grand jury returned an indictment charging Defendant Ron K. Elfenbein with three counts of Health Care Fraud, in violation of 18 U.S.C. § 1347.

2. On April 29, 2022, the Defendant appeared for an initial appearance and arraignment where he pleaded not guilty to the charges.

3. On May 2, 2022, the Defendant, through prior counsel, requested discovery.

4. The Government expects to produce discovery on May 23, 2022.

5. The parties and the Court held a scheduling call on May 6, 2022, and the Court scheduled an additional conference call for June 28, 2022.

6. Under 18 U.S.C. § 3161(h)(7)(A), any delay resulting from a continuance of the trial date beyond the 70 day speedy trial date is excludable if such continuance is granted by the

Court on the basis of a finding that the ends of justice are served by taking such action and outweigh the best interest of the public and the defendant in a speedy trial. Factors the Court must find applicable in order to make this finding are listed in § 3161(h)(7)(B) and include, but are not limited to, the following:

    i.   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    ii.   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

***

    iii.   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    The parties submit these factors justify excluding the proposed time and such exclusion outweighs the interest of the public and the defendants in a speedy trial. Given the complexity of the case based on discovery and the complexities associated with the nature of the charges, time should be excluded under 18 U.S.C. § 3161(h)(7)(B)(ii). In addition, there is further justification for an exclusion of time as contemplated in 18 U.S.C. § 3161(h)(7)(B)(iv) so that Defendants' counsel will have adequate time to review case materials, engage in plea negotiations,

and prepare for trial, should a trial be necessary. Failure to grant the request would result in a miscarriage of justice.

8. In light of these considerations, holding a trial within 70 days of the defendants' initial appearances would deny counsel for the defendants and the government the reasonable time necessary for effective preparation. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendants in a speedy trial.

9. The United States communicated with defense counsel on the phone and through email, and the Defendant consents to the relief sought in this Motion.

For the foregoing reasons, the parties ask the Court to exclude time under the Speedy Trial Act for the period of April 29, 2022 to June 28, 2022.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/_____
Matthew P. Phelps
Assistant United States Attorney

D. Keith Clouser
Trial Attorney, Department of Justice