IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:22-cr-00146-JKB |
| ) | |
| RON ELFENBEIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONSENT MOTION FOR EXCLUSION OF TIME
FROM SPEEDY TRIAL ACT COMPUTATIONS**

The United States of America, by its counsel, and with the consent of the Defendant, submits the Government's Consent Motion for Exclusion of Time from Speedy Trial Act Computations. In support thereof, the Government submits the following:

1. On July 17, 2025, the United States Court of Appeals for the Fourth Circuit issued its opinion and judgment affirming in part and reversing in part this Court's grant of judgment of acquittal and a new trial.

2. The mandate was issued by the Fourth Circuit on August 20, 2025, and the Court scheduled a status hearing for September 17, 2025.

3. The Court subsequently excluded from Speedy Trial Act computation the period of August 20, 2025 through September 19, 2025. ECF No. 131.

4. The parties attended the status conference on September 17, 2025, where the parties and the Court agreed on a trial date of March 30, 2026.

5. The Government is now seeking a Speedy Trial Act computation exclusion from September 20, 2025 through the trial date, March 30, 2026.

6. In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first

appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

7. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

8. The ends of justice are served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date and outweigh the interests of the defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7). Specifically, the parties all agreed on a trial date of March 30, 2026. The parties further agreed that the scheduled needed to account for additional disclosure of expert witnesses, motions practice, and other potential legal issues related to the Fourth Circuit's decision. In sum, the ends of justice are served by the requested exclusion because the parties need sufficient time to engage in pretrial disclosures, pretrial motions practice, and otherwise prepare for trial.

9. Defense counsel consented to the requested to the Speedy Trial Act exclusion at the status hearing.

WHEREFORE, the Government respectfully requests that the time from September 20, 2025 through March 30, 2026, be excluded from Speedy Trial Act computations in this case. A proposed order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Matthew P. Phelps, No. 17933
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
matthew.phelps@usdoj.gov

D. Keith Clouser
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
david.clouser@usdoj.gov

COUNSEL FOR THE UNITED STATES